IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATHEW L.,<br><br>     Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case #4:22-cv-00014-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Mathew L.'s appeal from the decision of the Social Security Administration denying his application for supplemental security income. The Court will affirm the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether their findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although they are not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

1

affirmed.[4] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II.  BACKGROUND

### A.  PROCEDURAL HISTORY

In April 2020, Plaintiff filed an application for supplemental security income, alleging disability beginning on September 1, 2019.[7] Plaintiff's claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on November 9, 2021.[9] The ALJ issued a decision on November 19, 2021, finding that Plaintiff was not disabled.[10] The Appeals Council denied Plaintiff's request for review on February 15, 2022,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

On March 16, 2022, Plaintiff filed his complaint in this case.[13] On March 17, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 174–76. The alleged onset date was later amended to April 25, 2020. *Id.* at 289.

[8] *Id.* at 60, 61.

[9] *Id.* at 28–50.

[10] *Id.* at 9–27.

[11] *Id.* at 1–6.

[12] 20 C.F.R. § 416.1481.

[13] Docket No. 5.

Tenth Circuit.[14] The Commissioner filed an answer and the administrative record on May 31, 2022.[15]

Plaintiff filed his Opening Brief on July 21, 2022.[16] The Commissioner's Answer Brief was filed on August 26, 2022.[17] Plaintiff filed his Reply Brief on September 9, 2022.[18]

B.  EVIDENCE BEFORE THE ALJ

Plaintiff claimed disability based on depression, ulnar neuropathy, carpal tunnel syndrome, spine problems, chronic obstructive pulmonary disease ("COPD"), and arthritis.[19] The medical records show that Plaintiff has been diagnosed with COPD and degenerative disc disease.[20] He has also sought treatment for various ailments with his hands and arms and has been diagnosed with ulnar neuropathy and carpal tunnel.[21] He also has a history of depression, anxiety, and panic attacks.[22]

At the hearing before the ALJ, Plaintiff testified that he lived with his fourteen-year-old son and received financial assistance from his mother.[23] Plaintiff stated that his back pain, neuropathy, and arthritis prevented him from working.[24] Plaintiff testified that his ailments

---

[14] Docket No. 7.
[15] Docket Nos. 13, 14.
[16] Docket No. 17.
[17] Docket No. 19.
[18] Docket No. 20.
[19] R. at 198.
[20] *Id.* at 303–04.
[21] *Id.* at 297, 319, 323, 329, 334, 340, 355.
[22] *Id.* at 295, 351, 379–89.
[23] *Id.* at 33–34.
[24] *Id.* at 38.

limited his ability to use his arms and hands and that his back pain prevented him from standing or sitting for extended periods.[25] Plaintiff further stated that he could perform household tasks, but not on a regular basis and generally with help from his son.[26]

C.     THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 25, 2020, the application date.[27] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the back and peripheral neuropathy.[28] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[29] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform medium work with certain restrictions.[30] At step four, the ALJ determined that Plaintiff could perform his past relevant work and, therefore, he was not disabled.[31]

III.  DISCUSSION

Plaintiff contends that the ALJ erred in her evaluation of Plaintiff's upper extremity impairments. The ALJ found Plaintiff's peripheral neuropathy to be a severe impairment and

---

[25] *Id.* at 42–43.
[26] *Id.* at 40–41.
[27] *Id.* at 14.
[28] *Id.* at 14–16.
[29] *Id.* at 16.
[30] *Id.* at 16–22.
[31] *Id.* at 22–23.

discussed Plaintiff's upper extremity impairments in detail.[32] However, the ALJ concluded that they did not result in any additional limitations, other than what was set out in her assessment of Plaintiff's RFC.[33] This conclusion was based on the medical evidence, Plaintiff's activities of daily living, the evaluation of a consultative examiner, and the opinions of the state agency physicians.[34]

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence, which showed diagnoses of ulnar neuropathy, carpal tunnel, and arthritis. While there is evidence showing that Plaintiff received treatment for these conditions, there is little evidence that these conditions resulted in any functional limitations and the ALJ's decision not to include additional upper extremity limitations is supported by substantial evidence.

The medical records show that Plaintiff has been diagnosed with certain ailments in his upper extremities. These diagnoses have been confirmed by testing.[35] However, the record also shows that these ailments were treated conservatively and were managed with pain medication.[36] While Plaintiff occasionally complained of joint pain,[37] the record also show normal musculoskeletal exam findings and full strength in Plaintiff's extremities.[38] Further, the record

---

[32] *Id.* at 17–21.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 321 (positive Tinel's test), 323 (Electromyography results).

[36] *Id.* at 332 (recommending conservative, nonoperative treatment with NSAIDs and modifying activity as needed).

[37] *Id.* at 319, 330, 334

[38] *Id.* at 293–94, 358–59, 372–73.

demonstrated that Plaintiff did not pursue other treatment options,[39] leading the ALJ to conclude that Plaintiff's symptoms were not as severe as alleged. In sum, the ALJ reviewed the medical evidence and reached a conclusion, supported by substantial evidence, that these records did not support additional limitations.

In addition to the medical records, the ALJ relied upon the evaluation of the consultative examiner by William Qutub, M.D.[40] Dr. Qutub conducted a physical evaluation of Plaintiff on September 12, 2020, and issued an Independent Medical Examination report.[41] Dr. Qutub noted that Plaintiff was "in no acute physical distress during this consult."[42] Dr. Qutub noted largely normal range of motion findings.[43] Dr. Qutub concluded that Plaintiff could lift and carry 25-30 pounds occasionally, and 10-15 pounds frequently.[44] Dr. Qutub further found that Plaintiff could frequently grasp, handle, finger, and feel with both hands but that "[r]epetitive right dexterity activities involving his right elbow may become occasional during symptom exacerbations."[45]

For applications filed on or after March 27, 2017, an ALJ is not required to defer to or give any specific weight to medical opinions or prior administrative medical findings.[46] Rather, the ALJ considers them using the criteria in 20 C.F.R. § 404.1520c(c): (1) supportability; (2)

---

[39] *Id.* at 338 (noting that Plaintiff had not tried physical therapy, braces, or injections), 340 (recommending referral to occupational therapist).
[40] *Id.* at 309–15.
[41] *Id.*
[42] *Id.* 312.
[43] *Id.* at 313–14.
[44] *Id.* at 315.
[45] *Id.*
[46] 20 C.F.R. § 404.1520c(a).

consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. The most important criteria for determining persuasiveness are the supportability and consistency of the medical opinions.[47]

The ALJ must articulate "how persuasive [they] find all of the medical opinions and all of the prior administrative medical findings in [the] case record."[48] The ALJ must explain how they considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings, but is generally not required to explain how they considered other factors.[49] Social Security Ruling 96-8p emphasizes that "[i]f the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[50] "The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[51]

The ALJ found Dr. Qutub's opinion persuasive, concluding that it was more consistent with the objective evidence and Plaintiff's alleged symptoms related to the evidence.[52] The ALJ went on to discuss the medical evidence supporting her finding that Dr. Qutub's opinion was

---

[47] *Id.* § 404.1520c(a), (b)(2).

[48] 20 C.F.R. § 404.1520c(b).

[49] *Id*. § 404.1520c(b)(2).

[50] SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

[51] *Id.*; *see also Givens v. Astrue*, 251 F. App'x 561, 568 (10th Cir. 2007) ("If the ALJ rejects any significantly probative medical evidence concerning [a claimant's] RFC, he must provide adequate reasons for his decision to reject that evidence.").

[52] R. at 19.

consistent with and supported by that evidence. Despite this, Plaintiff argues that the ALJ's RFC assessment—which allowed for frequent pushing, pulling, handling, fingering, and feeling—failed to address Dr. Qutub's statement that "[r]epetitive right dexterity activities involving his right elbow may become occasional during symptom exacerbations."[53] However, it is unclear how the ALJ could have evaluated this statement in her RFC assessment where it is based on uncertain future events,[54] and Plaintiff fails to explain how this alleged failure necessitates remand.

In contrast to Dr. Qutub's opinion, the ALJ found the opinions of Plaintiff's treating physician, Dana Hardin M.D., unpersuasive.[55] In a Treating Source Statement of Physical Limitations completed in November 2020,[56] Dr. Hardin opined that Plaintiff could stand, walk, and sit for less than two hours in a workday; that he could not grasp, turn, or twist objects with either hand; would be limited in the use of his fingers; would be off-task 20% or more of the time; would miss four or more days of work per month; and would be half as efficient as an average worker. In a Work Ability Report from August 2021,[57] Dr. Hardin opined that Plaintiff could not work at all but recommended medication, therapy, and mild exercise.

The ALJ found these statements unpersuasive. The ALJ stated that they appeared to be based on Plaintiff's subjective complaints and were not supported by the record evidence. The

---

[53] *Id.* at 315.

[54] *Peevy v. Chater*, 62 F.3d 1429, at *2 (10th Cir. 1995) (unpublished table decision) ("One physician's speculation that plaintiff may need surgery in the future does not support a finding that plaintiff's pain is currently disabling.").

[55] R. at 20–21.

[56] *Id.* at 344–45.

[57] *Id.* at 377.

ALJ's finding that Dr. Hardin's extreme limitations are not supported by and are inconsistent with the record is supported by substantial evidence. As noted, while there are complaints of ailments, there are normal exam findings, limited and conservative treatments, and little in the way of follow-up care. Therefore, the ALJ's treatment of Dr. Hardin's opinions was appropriate.

Finally, the ALJ relied on the opinions of the state agency physicians, who reviewed the medical records, and Plaintiff's admitted activities to support her decision. The physicians opined that Plaintiff could occasionally lift or carry 50 pounds and could frequently lift or carry 25 pounds.[58] The ALJ limited Plaintiff to lifting or carrying 30 pounds occasionally and 15 pounds frequently, which was consistent with Dr. Qutub's evaluation, finding that Dr. Qutub's opinion was more persuasive. Though the ALJ did not follow the state agency physician's findings exactly, they nonetheless provide support for the ALJ's decision. The same is true for Plaintiff's stated activities of daily living, which include performing various household chores. All of this provides substantial evidence to support the ALJ's determination.

IV.  CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision of the Commissioner.

DATED this 26th day of September, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[58] *Id.* at 57, 74.